Jasen, J. (dissenting).
I would affirm the order of the Appellate Division and sustain the conviction of the defendant.
The defendant’s principal contention on this appeal is that the evidence was insufficient to support the conviction. Specifically, defendant argues that there is insufficient evidence to establish his intent to unlawfully withhold the payment due the bank for the bonds bought for the school district and the contractor. The statutory burden of proof for the crime of larceny by false promise, defendant contends, "prohibits an inference of intent from non-performance (i.e., non-application of the check to the bonds, as promised) alone.” According to *643 defendant, it is not enough that the promise to pay for the bonds was not fulfilled.
It is true that a conviction for the crime of larceny by false promise upon proof of nonperformance alone cannot stand even though failure to perform is substantial evidence of larcenous intent. Rather, the necessary intent must rest "upon evidence establishing that the facts and circumstances of the case are * * * wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant’s intention or belief that the promise would not be performed.” (Penal Law, § 155.05, subd 2, par [d].)
Here, as is usually the situation, criminal intent must be inferred from the facts and circumstances of the particular case. Necessarily, the defendant’s intent, at the time the promise to apply the released funds to the bond account was made, must be established through inferences supplied by his subsequent actions. Indeed, this is almost always necessary, since direct proof of intent is rarely available. (Hall v United States, 286 F2d 676, 679, cert den 366 US 910.)
I conclude that the defendant’s intention not to perform the promise was sufficiently established by the following facts and circumstances presented at the trial. Defendant deposited the funds received from the school district for the bond purchase in his own business bank account, instead of endorsing the check, as had the contractor, and forwarding same to the bank. He then notified the contractor that the $30,000 in bonds "have been delivered” to the school district, when, in fact, the bank had possession and custody of the bonds. After learning that the delivery of the bonds to the school district had not taken place, the contractor made numerous phone calls to the defendant seeking an explanation of his actions. Defendant’s only explanation, after some lapses of time, was the statement that there had been a "mixup” in the bank in applying the money deposited. This statement was obviously false since he took no steps to correct the claimed "mixup”. In addition, there is evidence in the record that the defendant failed to respond to a number of phone calls from the bank relative to this transaction, making it necessary for a bank officer to go to his office to speak to him. Finally, there is undisputed evidence that the defendant failed to return the funds entrusted to him and the contractor for the purchase of *644 the bonds, and thereby required the contractor to repay the school district the sum advanced.
All of this evidence, properly received and considered by the jury, bore upon the question of defendant’s guilt of the crime of larceny by false promise. These connected transactions and events were relevant to a determination of the state of mind of the defendant. The weight to be assigned to this evidence, of course, was for the jury, which, on this evidence, found the defendant guilty. I would not disturb the jury’s verdict of conviction.
Judges Jones, Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Judge Jasen dissents and votes to affirm in a separate opinion in which Chief Judge Breitel concurs.
Order reversed, etc.